## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

UNITED STATES OF AMERICA

CRIMINAL ACTION NO. 16-00172-01

VERSUS

JUDGE S. MAURICE HICKS, JR.

QUINETTA GRANT

MAGISTRATE JUDGE HAYES

### MEMORANDUM RULING

Before the Court is a Motion for Compassionate Release filed by Defendant Quinetta Grant ("Grant"). See Record Document 72. Grant later filed a Motion for Ruling on her Motion for Compassionate Release. See Record Document 75. Grant also seeks release to home confinement under the CARES Act. See Record Documents 72, 75, and 87. While not apparent in her first filing, Grant has now demonstrated exhaustion under the statute. See Record Documents 75, 77, and 87. She seeks release due to her health conditions in light of the COVID-19 pandemic. See Record Documents 72, 75, and 87. The Government has opposed Grant's motion. See Record Documents 74 and 77.

Grant is serving a 96 month sentence for violation of 18 U.S.C. § 1341, mail fraud. See Record Document 41. She was involved in a scheme wherein she obtained false titles and registrations for automobiles that had been stolen or otherwise illegally obtained. See Record Document 1. She was sentenced for such offense on April 24, 2018. See Record Document 45. She is presently serving her sentence at Orlando RRM. Her projected release date is April 20, 2025.

Grant is 47 years old. See Record Document 72 at 3. She contends that she has been exposed/infected with Legionella Bacteria and has asthma. See id. Yet, in a supplemental memorandum, her counsel conceded Grant "does not have a formal

diagnosis of asthma, but has been receiving treatment for acute upper respiratory tract infection from January through May [2020]."  Record Document 87 at 4.  Grant has been prescribed an albuterol inhaler and her counsel argues the aforementioned facts are "proof of an asthmatic condition."  Id.  Grant also refers to her BMI of 34 and her classification as obese as an additional risk factor.  See id. at 2, 4-5.  She believes these conditions make her especially vulnerable to COVID-19.  See id.

**Home Confinement**

As an alternative request, Grant seeks release to home confinement.  See Record Documents 72 and 75.  Title 18, United States Code, Section 3624(c)(2) provides that the Bureau of Prison's ("BOP") authority to release a prisoner "may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months."  Under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. Law 116-136, enacted on March 27, 2020, "if the Attorney General finds that emergency conditions will materially affect" BOP functioning, the BOP Director may "lengthen the maximum amount of time for which [he] is authorized to place a prisoner in home confinement" under Section 3624(c)(2).  Pub. L. 116-136, § 12003(b)(2).  On April 3, 2020, the Attorney General found such conditions existed, stating "emergency conditions [created by COVID-19] are materially affecting the functioning" of the BOP.  See Memorandum from Attorney General William Barr to Director of Bureau of Prisons, Increasing Use of Home Confinement at Institutions Most Affected by COVID-19 (April 3, 2020), available at https://www.justice.gov/file/1266661/download (last visited 4/20/2020).  Thus, the BOP director now has the authority to grant home confinement to a larger group of prisoners.  See id.

Section 3621(b) provides that the BOP "shall designate the place of the prisoner's imprisonment."  18 U.S.C. § 3621(b).  The BOP considers bed availability, the prisoner's security designation, his programmatic needs, his mental and medical health needs, his faith-based needs, recommendations of the sentencing court, other security concerns of the BOP, and the proximity to his primary residence.  See id.   "A designation of a place of imprisonment under [Section 3621] is not reviewable by any court."  Id.  The Fifth Circuit has followed this statutory directive, stating "a prisoner has no liberty interest or right to be housed in any particular facility, and the BOP has wide discretion in designating the place of a prisoner's imprisonment."  Siebert v. Chandler, 586 Fed.Appx. 188, 189 (5th Cir. 2014), citing Olim v. Wakinekona, 461 U.S. 238, 244-245, 103 S.Ct. 1741, 1745 (1983) and 18 U.S.C. § 3621(b).

The CARES Act does in fact grant broad discretion to the BOP regarding release to home confinement.  However, such decisions still remain exclusively with the BOP. Nothing in the CARES Act changed the statutory authority granted in Section 3621(b) and this Court still lacks the power to order home confinement under the CARES Act.  See generally U.S. v. Williams, No. CR 2:12-539, 2020 WL 1940836, at *2 (S.D. Tex. Apr. 22, 2020) ("While the CARES Act allows the BOP Director to lengthen the amount of time a prisoner may be placed in home confinement, nothing in the Act grants individual prisoners the right to serve the remainder of their sentence in home confinement.  The BOP still has exclusive authority to determine where a prisoner is housed. 18 U.S.C. § 3621(B)."); U.S. v. Read-Forbes, 2020 WL 1888856, at *5 (D. Kan. Apr. 16, 2020) ("While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention

under this provision."); <u>U.S. v. Engleson</u>, 2020 WL 1821797, at *1 (S.D.N.Y. Apr. 10, 2020) (while court can recommend, ultimate decision whether to release inmate to home confinement rests with BOP); <u>U.S. v. Hembry</u>, 2020 WL 1821930, at *2 (N.D. Cal. Apr. 10, 2020); <u>U.S. v. Carter</u>, 2020 WL 1808288, at *2 (S.D. Ind. Apr. 9, 2020); <u>U.S. v. Garza</u>, 2020 WL 1485782, at *1 (S.D. Cal. Mar. 27, 2020).  Grant's request for early release to home confinement is **DENIED**.

**Compassionate Release**

A judgment of conviction, including a sentence of imprisonment, "constitutes a final judgment and may not be modified by a district court except in limited circumstances." <u>Dillon v. United States</u>, 560 U.S. 817, 824, 130 S.Ct. 2683, 2690 (2010).  Title 18, United States Code, Section 3582(c) provides that the court "may not modify a term of imprisonment once it has been imposed," except in three circumstances:

(1)     upon a motion by the Bureau of Prisons or the defendant for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A);

(2)     "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); or

(3)     where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

In this case, Grant moves to modify her sentence under 18 U.S.C. §§ 3582(c)(1)(A). Under this section, the court may reduce a sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).

Prior to 2018 only the Director of the BOP could file Section 3582(c)(1)(A) motions, also known as compassionate release motions.  In 2018, Congress passed and President Trump signed the First Step Act, which among other actions, amended the compassionate release process.  Under the First Step Act, Section 3852(c)(1)(A) now allows prisoners to directly petition courts for compassionate release. However, before filing compassionate release motions, prisoners must exhaust their administrative remedies in one of two ways:

(1)    prisoners may file a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or

(2)    prisoners may file a motion with the court after requesting release and there has been "the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier."

18 U.S.C. § 3852(c)(1)(A).  The administrative exhaustion provision of the First Step Act is set out in mandatory terms and has been characterized by the Fifth Circuit as a mandatory claim-processing rule.  See U.S. v. Franco, No. 20-60473, 2020 WL 5249369 at *2 (5th Cir. Sept. 3, 2020) ("The statute's language is mandatory.").  Here, there is no dispute that Grant has now exhausted her administrative remedies within the BOP and the instant motion is properly before this Court.

Subject to exhaustion and the considerations of 18 U.S.C. § 3553(a), Section 3582(c)(1)(A) would permit a reduction in Grant's term of imprisonment if the Court determines that extraordinary and compelling reasons warrant a reduction.  The reduction must be "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  Turning to the Guidelines, U.S.S.G. § 1B1.13 explains that a reduction is authorized when the court, after consideration of the factors

set forth in 18 U.S.C. § 3553(a), determines that extraordinary and compelling reasons

exist and the defendant is not a danger to the safety of any other person or the community,

as provided in 18 U.S.C. § 3142(g).  The reduction must also be consistent with the policy

statements set forth in U.S.S.G. § 1B1.13.  Application Note 1 of the U.S.S.G. § 1B1.13

sets forth what may constitute "extraordinary and compelling" circumstances that would

permit a court to grant relief under Section 3582(c)(1)(A):

(A)    Medical Condition of the Defendant. –

(i)    The defendant is suffering from a terminal illness (i.e. a serious and advanced illness with an end of lift trajectory).  A specific prognosis of life expectancy (i.e. a probability of death within a specific time period) is not required.  Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii)    The defendant is –

(I)    suffering from a serious physical or mental condition,

(II)    suffering from a serious functional or cognitive impairment, or

(III)    experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B)    Age of the Defendant. – The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C)    Family Circumstances. –

(i)    The death or incapacitation of the caregiver of the defendant's minor child or children.

> (ii)   The incapacitation of the defendant's spouse or registered partner when the defendant would be the only caregiver for the spouse of registered partner.
>
> (D)   Other Reasons. – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with the reasons described in subdivision (A) through (C).

Under the authority granted to the BOP in U.S.S.G. § 1B1.13 to further specify what it considers "extraordinary and compelling," BOP Program Statement 5050.50[1] lists similar conditions such as terminal illness, advanced age and the death of a spouse or registered partner.   BOP's program statement does not depart from the manner in which "extraordinary and compelling" is otherwise defined.   U.S. v. Hudec, No. 4:91-1-1, 2020 WL 4925675 (S.D.Tex. 8/19/2020) (noting that Program Statement 5050.50 provides the same bases as U.S.S.G. for a finding of "extraordinary and compelling" reasons for compassionate release).

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release."   U.S. v. Stowe, No. H-11-803(1), 2019 WL 4673725 at *2 (S.D. Tex. Sept. 25, 2019); see also U.S. v. Ennis, No. EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release."); U.S. v. Wright, No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute.").   Here, Grant concedes she has no formal diagnosis of asthma, but cites her age of 47 years old; her exposure/infection

---

[1] Available at https://www.bop.gov/policy/progstat/5050_050_EN.pdf.

with Legionella Bacteria; her acute upper respiratory tract infection; and her BMI/obesity as extraordinary and compelling reasons warranting compassionate release.

Grant's age of 47 does not fall within the scope of Application Note 1(B).  Moreover, her medical records do not indicate or support any infection or exposure to Legionella bacteria.  See U. S. v. Aguila, No. 2:16-cr-00046-TLN, 2020 WL 1812159, at *2 (E.D. Cal. Apr. 9, 2020) ("Although Defendant claims he has high blood pressure, high cholesterol, sleep apnea, and diabetes, Defendant fails to provide evidence to verify these claims.").  As to the acute upper respiratory tract infection, Grant has not shown that this medical condition rises to the level of severity that substantially diminishes her ability to provide self-care, and from which she is not expected to recover.  Finally, while obesity is an underlying medical condition that poses increased risk for severe illness from COVID-19, courts have found that obesity — alone or even paired with other medical conditions — does not provide adequate grounds for compassionate release.  See U.S. v. Wilfred, No. CR 07-351, 2020 WL 4365531, at *5 (E.D. La. July 30, 2020).[2]  Moreover, neither the policy statements nor the applicable BOP regulations provide any basis for compassionate release based on  generalized health concerns relating to COVID-19.

---

[2] See also U.S. v. Gordon, No. 15-20609, 2020 WL 3971013, at *3 (E.D. Mich. July 14, 2020) (denying compassionate release of an obese defendant, reasoning that because "42.4% of American adults are obese and [an] additional 32% are overweight," obesity "is not a condition so [extraordinary] that injustice would result if the relief is not granted"); U.S. v. Whiteman, No. 15-00298, 2020 WL 4284619, at *1 (E.D. Pa. July 27, 2020) (denying compassionate release of a defendant whose "only active health problems are obesity and high blood pressure"); U.S. v. Takewell, No. 14-00036, 2020 WL 4043060, at *3 (W.D. La. July 17, 2020) (denying compassionate release upon finding that the defendant's "general complaint[s] [of] obesity and hypertension are not consistent with extraordinary or compelling circumstances as provided by the policy statement and its commentary"); U.S. v. Wax, No. 14-251, 2020 WL 3468219, at *2–3 (D.N.J. June 25, 2020) (same).

See <u>U.S. v. Koons</u>, No. 16-214-05, 2020 WL 1940570, *5; <u>see also</u> <u>U.S. v. Thompson</u>, No. 20-40381 (5th Cir. Jan. 5, 2021) ("Fear of COVID doesn't automatically entitle a prisoner to release.").

Accordingly,

**IT IS ORDERED** that Grant's Motion for Compassionate Release (Record Document 72) and her Motion for Ruling on her Motion for Compassionate Release (Record Document 75) be and are hereby **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 15th day of January, 2021.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT