**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 16-00172-01 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| QUINETTA GRANT | MAGISTRATE JUDGE MCCLUSKY |

**MEMORANDUM RULING**

Before the Court is a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 filed by Quinetta Grant ("Grant"), alleging ineffective assistance of counsel and violations of her rights under the First, Fourth, Fifth, Sixth, and Eighth Amendments. See Record Document 65. The Government opposes the Motion. See Record Document 68. For the following reasons, the Motion is **DENIED**.

**BACKGROUND**

On October 25, 2016, pursuant to a written plea agreement, Grant pleaded guilty to a single-count Bill of Information for mail fraud in violation of 18 U.S.C. § 1341. See Record Document 13. Following entry of her plea, Grant was sentenced to 96 months imprisonment followed by a three-year term of supervised release. See Record Document 46. Notably, her guideline range was reduced by a U.S.S.G. § 5K1.1 motion, and she was ultimately sentenced below this lower range. See Record Document 42.

Grant appealed to the United States Court of Appeals for the Fifth Circuit, claiming that her right to be present for a critical stage was violated when the district court held a presentencing conference without her present. See Record Documents 48 & 61. The Fifth Circuit affirmed, finding no plain error, and the Supreme Court denied petition for writ of certiorari. See Record Documents 61 & 63-64. Grant filed the instant Motion to Vacate,

Set Aside, or Correct Sentence under 28 U.S.C. § 2255 on February 6, 2020. See Record Document 65. The Government opposes Grant's Motion, arguing the challenges to her sentence and conviction are not cognizable under section 2255 and her counsel was effective at all stages. See Record Document 68.

## STANDARD OF REVIEW

Title 28, section 2255 of the United States Code provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States…may move the court which imposed the sentence to vacate, set aside or correct the sentence." Consequently, under section 2255, a defendant can challenge a final conviction only on issues of constitutional or jurisdictional magnitude— those that "could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." U.S. v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (citation omitted).

However, even if a defendant has issues that are constitutional or jurisdictional in nature, she may still be procedurally barred from raising them. To raise an issue for the first time on collateral review, a defendant must first show cause, or some external impediment that prevented her from raising the new claim on direct appeal. See U.S. v. Flores, 981 F.2d 231, 235 (5th Cir. 1993). A defendant must then meet the actual prejudice test by demonstrating "an actual and substantial disadvantage, infect[ed] his entire trial with error of constitutional dimension." U.S. v. Shaid, 937 F.2d 228, 233 (5th Cir. 1991). Two narrow exceptions to the two-pronged analysis exist in both those extraordinary cases "in which a constitutional violation has probably resulted in the

conviction of one who is actually innocent" and when a prisoner brings a claim of ineffective assistance of counsel. Id. at 232; see Massaro v. U.S., 538 U.S. 500, 504, 123 S.Ct. 1690, 1694 (2003).

## LAW AND ANALYSIS

In her Motion, Grant claims her counsel was ineffective 1) when advising her pursuant to the plea agreement; 2) during pretrial proceedings; 3) at sentencing; and 4) throughout the appeals process. She further claims ineffective assistance of counsel due to an alleged ongoing conflict of interest. Grant also believes she was denied due process of law in her plea and sentencing stages and that her conviction and sentence are violative of her First, Fourth, Fifth, Sixth, and Eighth Amendment rights. Lastly, she challenges the application of the U.S. Sentencing Guidelines and information in the Presentence Investigation Report. See Record Document 65-1.

### A. Ineffective Assistance of Counsel

The Supreme Court has recognized that the Sixth Amendment right to counsel is necessary to protect the right to a fair trial "because it envisions counsel playing a role that is critical to the ability of the adversarial system to produce just results." Strickland v. Washington, 466 U.S. 668, 685, 104 S.Ct. 2052, 2063 (1984). Thus, "the right to counsel is the right to effective assistance of counsel." Id. (citing McMann v. Richardson, 397 U.S. 759, 771, n.14, 90 S.Ct. 1441, 1449, n.14 (1970)).

To succeed on a claim of ineffective assistance, a defendant must prove (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. Id. at 687, 104 S.Ct. at 2064. The standard for counsel's performance is that of "reasonably effective assistance." Id. Thus, a claimant must show that counsel was not

"a reasonably competent attorney" and that advice given was not "within the range of competence demanded of attorneys in criminal cases." Cuyler v. Sullivan, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716. A court's scrutiny of counsel's performance is highly deferential. A defendant must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689, 104 S.Ct. at 2056. A fair assessment requires a court to evaluate conduct from counsel's perspective without the distortion of hindsight. See id.

The appropriate test for prejudice is whether "there is a reasonable probability[1] that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 104 S.Ct. at 2067. When a defendant has pleaded guilty pursuant to a plea agreement, the relevant inquiry is "whether counsel's constitutionally ineffective performance affected the outcome of the plea process." U.S. v. Glinsey, 209 F.3d 386, 392 (5th Cir. 2000) (internal quotation marks omitted) (quoting Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370 (1985)). Essentially, a defendant must show there is a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id.

Relevant to the instant Motion, the Fifth Circuit has made clear that conclusory allegations of ineffective assistance of counsel in federal habeas corpus petitions have no merit. See Ross v. Estelle, 694 F.2d 1008, 1012 (5th Cir. 1983), Barnard v. Collins, 958 F.2d 634, 642 (5th Cir. 1992), Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

---

[1] A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. 688, 694, 104 S.Ct. 2052, 2067.

4

Grant's first claim alleges that counsel failed to advise her of all facts and law relevant to her decision to plead guilty and that she would not have pleaded guilty or would have pleaded to a deal which substantially reduced her sentence had she been fully advised. See Record Document 65-1 at 5. She further claims she pled guilty because she was told that she would only be responsible for a fraction of the relevant conduct involving $2,450,107.50. See id.

The Court finds that the evidence contradicts both of Grant's allegations. During Grant's guilty plea hearing, the magistrate judge exhaustively reviewed the plea agreement with Grant, and, under oath, Grant stated she was aware of the maximum sentence and fines that might be imposed. See id. at 11. The agreement included a statement that Grant's plea was voluntary and that she was "satisfied with the legal services provided by [her] attorney in connection with this plea agreement and the matters related to this case." Record Document 13 at 6. The court confirmed that no prediction, prophecy, or promise was made as to what her sentence would be. See Record Document 50 at 14. Ultimately, Grant signed the plea agreement confirming she read, discussed, and understood its contents.

Grant presents no evidence to refute her previously made statements or signature. See U.S.v Martinez-Molina, 64 F.3d 719, 733 (5th Cir. 1995) (Sworn statements in "open court during a plea hearing carry a strong presumption of verity."); U.S. v. Abreo, 30 F.3d 29, 32 (5th Cir. 1994) (Any documents signed by the defendant at the time of the guilty plea are entitled to "great evidentiary weight."). Grant has not shown she is entitled to relief on this claim because she has neither proven that her counsel acted unreasonably

5

nor that she was prejudiced by her counsel's actions to a point that she would not have taken the plea deal.

Grant next claims her counsel failed to file a motion to suppress, motion to dismiss the bill of information, and motion for change of venue in the pretrial stage of the proceedings. See Record Document 65. She lacks evidence rebutting the strong presumption that her counsel acted strategically in declining to file such motions. Grant's conclusory statements are not coupled with any factual support and, as such, have no merit. See Ross v. Estelle, 694 F.2d 1008, 1012 (5th Cir. 1983), Barnard v. Collins, 958 F.2d 634, 642 (5th Cir. 1992), Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

Grant also believes her counsel was deficient at sentencing by failing to object to "unlawful, false and unreliable evidence used to determine [her] guideline sentencing range, restitution and ultimate sentence" and declining to move for a downward variance in Grant's sentence. Record Document 65. The Court finds Grant's first contention meritless as counsel objected to the information relied upon by the Court a total of eight times. See Record Document 43. In fact, this Court overruled counsel's objections stating that "the presentence report correctly characterizes the factual information necessary in order to arrive at the guideline calculations." Record Document 51 at 3. As for her argument regarding counsel's failure to move for a downward variance, Grant offers no additional support to bolster her claim that her sentence would have been different had her counsel made such an argument. As result, she has not met her burden for prejudice.

Similarly, Grant states conclusory allegations that her appellate counsel did not "investigate or present the strongest issues available" without providing any additional investigation or issues she believes should have been included. Furthermore, Grant has

6

yet to offer any facts to overcome the presumption that her counsel acted reasonably in choosing the points and arguments he presented at the appellate level. Thus, Grant has neither sufficiently stated how counsel's performance was deficient nor explained how the alleged actions and omissions prejudiced her.

Lastly, Grant claims her counsel was ineffective because he allegedly requested that another defendant, unrelated to Grant's case, have his sentencing date changed while counsel would not do the same for her thus creating a conflict of interest. The two-prong test set forth in Strickland applies to attorney conflicts of interest. See Beets v. Scott, 65 F.3d 1258, 1265 (5th Cir. 1995). In cases of an alleged conflict between an attorney's personal interest and that of his client, a defendant must still show that counsel's performance was deficient, and that the deficiency prejudiced the defendant. See Strickland, 466 U.S. at 687, 104 S.Ct. at 2064. Again, Grant does not show how this unrelated matter prejudiced her case beyond her conclusory argument that because counsel did not ask to move her sentencing, there is reasonable probability her sentence was lengthened.

Because all grounds upon which Grant claims ineffective assistance fail to prove either deficient performance by her counsel or actual prejudice to her, Grant's ineffective assistance of counsel claims do not pass the threshold of Strickland and are hereby **DISMISSED**.

### B. Due Process and First, Fourth, Fifth, Sixth, and Eighth Amendment Violation Claims

Grant contends that she was deprived of Due Process because she "was promised that, if she cooperated with the government, the government would seriously consider a recommendation for a downward departure." Record Document 65 at 12. In

7

the same paragraph of her Motion, she acknowledges that she received a U.S.S.G. § 5K1.1 downward departure but suggests that she did not receive credit for information provided in connection to the "big fish" in the conspiracy. See id. She also argues that her conviction is violative of her First, Fourth, Fifth, Sixth, and Eighth Amendment rights. See Record Document 65 at 14.

As previously stated, claims not raised on direct appeal may not be raised on collateral review unless the petitioner can meet the two-pronged cause and prejudice test. See Massaro, 538 U.S. at 504, 123 S.Ct. at 1693. Grant neither claims nor identifies some external impediment prevented her from raising these claims on direct appeal, and as such, she is procedurally barred from raising this issue on collateral appeal.

Even so, Grant's prior statements and signed plea agreement contradict her due process argument. She signed the plea agreement and testified that no one "made any promise to [her] other than those contained in the Plea Agreement which in any way influenced [her] to plead guilty." Record Document 50 at 14. The plea agreement also provides that, "[t]he government has made no promise, implied or otherwise, that defendant will be granted a 'departure' for 'substantial assistance.'" She was found to be fully competent such that her waiver of indictment and plea of guilty were knowing and voluntary, and she has not otherwise pled any facts as to why her earlier statements are not accurate. Thus, even if the Grant were not procedurally barred from raising this issue on collateral appeal, her claim on the above ground would fail.

The same is true for her constitutional violation claims. Grant's conclusory statements are not given any weight in this Court's consideration of the Motion. She does

not otherwise articulate any specific facts to support the claim that her conviction and sentence are violative of her First, Fourth, Fifth, Sixth, and Eighth Amendment rights.

## CONCLUSION

For the foregoing reasons,

Defendant's Motion to Vacate, Set Aside, or Correct Sentence (Record Document 65) is hereby **DENIED**.

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "Before entering the final order, the court may direct parties to submit arguments on whether a certificate should issue." Rule 11(a) Rules Governing Section 2255 Proceedings for the United States District Courts. Unless a certificate of appealability issues, an appeal may not be taken to the court of appeals.

In this instance, a certificate of appealability is **DENIED** because the applicant has failed to demonstrate a substantial showing of the denial of a constitutional right.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, at Shreveport, Louisiana, 24th day of August, 2021.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT