UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 16-00172-01 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| QUINETTA GRANT | MAGISTRATE JUDGE MCCLUSKY |

## MEMORANDUM RULING

Before the Court are two Motions for Compassionate Release filed by Defendant Quinetta Grant ("Grant"). See Record Documents 72 and 126. The first motion is before the Court again after remand from United States Court of Appeals for the Fifth Circuit. See Record Documents 72 and 131.[1] The mandate was filed on February 9, 2022. See Record Document 131. The second motion was filed by Grant in January 2022. See Record Document 126. The Government opposes Grant's motions. See Record Documents 74, 77, and 136.

## BACKGROUND

Grant is serving a 96-month sentence for violation of 18 U.S.C. § 1341, mail fraud. See Record Document 41. She was involved in a scheme wherein she obtained false titles and registrations for automobiles that had been stolen or otherwise illegally obtained. See Record Document 1. She was sentenced for such offense on April 24,

---

[1] Grant appealed the denial of her motion for compassionate release. See Record Document 93. On appeal, the Fifth Circuit held:

> The district court denied Grant's motion without the benefit of intervening Fifth Circuit authority. Therefore, we VACATE the district court's order and REMAND for further consideration in light of *United States v. Shkambi*, 993 F.3d 388 (5th Cir. 2021).

Record Document 139 at 3-4.

2018.  See Record Document 45.  She is presently serving her sentence at Atlanta RRM.  Her projected release date is April 20, 2024.

Grant is now 50 years old.  See Record Document 43.  She contends that she has been exposed/infected with Legionella Bacteria and has asthma.  See Record Document 72 at 3.  Yet, in a supplemental memorandum, her counsel conceded Grant "does not have a formal diagnosis of asthma, but has been receiving treatment for acute upper respiratory tract infection from January through May [2020]."  Record Document 87 at 4.  Grant has been prescribed an albuterol inhaler and her counsel argues the aforementioned facts are "proof of an asthmatic condition."  Id.  Grant also refers to her BMI of 34 and her classification as obese as an additional risk factor.  See id. at 2, 4-5.  She believes these conditions make her especially vulnerable to COVID-19.  See id.  In her most recent filing, Grant also describes familiar hardships as a basis for her compassionate release.  See Record Document 126.

## ANALYSIS

In her first motion for compassionate release, Grant concedes she has no formal diagnosis of asthma.  See generally Record Documents 72 and 75.  Yet, she cites her age of 47 years old (now 50 years old); her exposure/infection with Legionella Bacteria; her acute upper respiratory tract infection; and her BMI/obesity as extraordinary and compelling reasons warranting compassionate release.  See id.  Alternatively, Grant seeks release to home confinement.  See id.

Grant's second motion for compassionate release is based on "the current state of FPC Alderson and . . . . surrounding community and the mental health of [her] 10 year old son who recently attempted suicide twice due to the ongoing pandemic."  Record

Document 126 at 1. She submits that her son is suffering from major depression and separation anxiety due to her absence as well as the COVID-19 pandemic. See id. Grant again notes her high-risk factors, including a BMI over 35, high blood pressure, asthma, pre-diabetes, and depression. See id. at 2. She also once again requests home confinement. See id. at 2-3

**Home Confinement**

The Court will begin with Grant's alternative request for release to home confinement. See Record Documents 72, 75, and 126. Title 18, United States Code, Section 3624(c)(2) provides that the Bureau of Prison's ("BOP") authority to release a prisoner "may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." Under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. Law 116-136, enacted on March 27, 2020, "if the Attorney General finds that emergency conditions will materially affect" BOP functioning, the BOP Director may "lengthen the maximum amount of time for which [he] is authorized to place a prisoner in home confinement" under Section 3624(c)(2). Pub. L. 116-136, § 12003(b)(2). On April 3, 2020, the Attorney General found such conditions existed, stating "emergency conditions [created by COVID-19] are materially affecting the functioning" of the BOP. See Memorandum from Attorney General William Barr to Director of Bureau of Prisons, Increasing Use of Home Confinement at Institutions Most Affected by COVID-19 (April 3, 2020), available at https://www.justice.gov/file/_1266661/download (last visited 4/20/2020). Thus, the BOP director now has the authority to grant home confinement to a larger group of prisoners. See id.

Section 3621(b) provides that the BOP "shall designate the place of the prisoner's imprisonment."  18 U.S.C. § 3621(b).  The BOP considers bed availability, the prisoner's security designation, his programmatic needs, his mental and medical health needs, his faith-based needs, recommendations of the sentencing court, other security concerns of the BOP, and the proximity to his primary residence.  See id.  "A designation of a place of imprisonment under [Section 3621] is not reviewable by any court." Id.  The Fifth Circuit has followed this statutory directive, stating "a prisoner has no liberty interest or right to be housed in any particular facility, and the BOP has wide discretion in designating the place of a prisoner's imprisonment."  Siebert v. Chandler, 586 Fed.Appx. 188, 189 (5th Cir. 2014), citing Olim v. Wakinekona, 461 U.S. 238, 244-245, 103 S.Ct. 1741, 1745 (1983) and 18 U.S.C. § 3621(b).

The CARES Act does in fact grant broad discretion to the BOP regarding release to home confinement.  However, such decisions still remain exclusively with the BOP. Nothing in the CARES Act changed the statutory authority granted in Section 3621(b) and this Court still lacks the power to order home confinement under the CARES Act.  See generally U.S. v. Williams, No. CR 2:12-539, 2020 WL 1940836, at *2 (S.D. Tex. Apr. 22, 2020) ("While the CARES Act allows the BOP Director to lengthen the amount of time a prisoner may be placed in home confinement, nothing in the Act grants individual prisoners the right to serve the remainder of their sentence in home confinement.  The BOP still has exclusive authority to determine where a prisoner is housed. 18 U.S.C. § 3621(B)."); U.S. v. Read-Forbes, 2020 WL 1888856, at *5 (D. Kan. Apr. 16, 2020) ("While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention

under this provision."); U.S. v. Engleson, 2020 WL 1821797, at *1 (S.D.N.Y. Apr. 10, 2020) (while court can recommend, ultimate decision whether to release inmate to home confinement rests with BOP); U.S. v. Hembry, 2020 WL 1821930, at *2 (N.D. Cal. Apr. 10, 2020); U.S. v. Carter, 2020 WL 1808288, at *2 (S.D. Ind. Apr. 9, 2020); U.S. v. Garza, 2020 WL 1485782, at *1 (S.D. Cal. Mar. 27, 2020). Grant's request for early release to home confinement is **DENIED**.

**Compassionate Release**

A judgment of conviction, including a sentence of imprisonment, "constitutes a final judgment and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824, 130 S.Ct. 2683, 2690 (2010). Title 18, United States Code, Section 3582(c) provides that the Court "may not modify a term of imprisonment once it has been imposed," except in three circumstances:

(1) upon a motion by the Bureau of Prisons or the defendant for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A);
(2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); or
(3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

In this case, Grant moves to modify her sentence pursuant 18 U.S.C. § 3582(c)(1)(A). Under this section, the Court may reduce a sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Prior to 2018, only the Director of the BOP could file Section 3582(c)(1)(A) motions, also known as compassionate release motions. In 2018, Congress passed, and President

Trump signed the First Step Act, which among other actions, amended the compassionate release process. Under the First Step Act, Section 3852(c)(1)(A) now allows prisoners to directly petition courts for compassionate release. However, before filing compassionate release motions, prisoners must exhaust their administrative remedies in one of two ways:

(1) prisoners may file a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or
(2) prisoners may file a motion with the court after requesting release and there has been "the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier."

18 U.S.C. § 3582(c)(1)(A).  There is no dispute that Grant has exhausted her administrative remedies and the Court will proceed to the merits.

Subject to considerations of 18 U.S.C. § 3553(a), Section 3582(c)(1)(A) permits a reduction in Grant's term of imprisonment if the Court determines that extraordinary and compelling reasons warrant a reduction. The reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).  Previously, a district court was confined to the policy statements set forth in U.S.S.G. § 1B1.13 to determine whether a compelling reason existed to grant release. However, the Court of Appeals for the Fifth Circuit recently vacated this restricted examination finding that the policy statements contained under U.S.S.G. § 1B1.13 are only binding on the Court when the motion for compassionate release is brought on the prisoner's behalf by the BOP.  See U.S. v. Shkambi, 993 F.3d 388, 392 (5th Cir. 2021).

The Fifth Circuit instructed that a district court considering a motion for compassionate release brought by the prisoner himself "is bound only by §

3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." Id. at 393. Shkambi did not, however, render § 1B1.13 irrelevant with respect to defendant-filed motions under Section 3582(c)(1)(A), as the Fifth Circuit has long recognized that although not dispositive, the commentary to § 1B1.13 informs the district court's analysis as to what reasons may be sufficiently extraordinary and compelling to necessitate compassionate release. See U.S. v. Robinson, No. 3:18-CR-00228-01, 2021 WL 1723542 (W.D. La. 04/30/2021), citing U.S. v. Thompson, 984 F.3d 431, 433 (5th Cir. 2021). While not binding, § 1B1.13 suggests that the following are deemed extraordinary and compelling reasons warranting a sentence reduction: (1) the defendant's medical conditions; (2) the defendant's age; (3) family circumstances; or (4) other reasons. See U.S.S.G. § 1B1.13, cmt. n.1; see also Thompson, 984 F.3d at 433.

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release." U.S. v. Stowe, No. H-11-803(1), 2019 WL 4673725 at *2 (S.D. Tex. Sept. 25, 2019); see also U.S. v. Ennis, No. EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release."); U.S. v. Wright, No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute."). In certain instances, the COVID-19 outbreak may affect whether an inmate can show extraordinary and compelling reasons warranting compassionate release under Section 3582(c)(1)(A)(i). If an inmate has a chronic medical condition that has been identified by the Centers for Disease Control ("CDC") as elevating the inmate's risk of becoming seriously ill from

COVID-19, that condition, in light of the pandemic, may rise to the level of "extraordinary and compelling reasons" under Section 3582(c)(1)(a). In other words, some conditions that would not have previously constituted an "extraordinary and compelling reason" now fall into this category because of the risk of COVID-19.

Grant cites her age, medical conditions, and familial hardships as the basis for his compassionate release. The Government does not believe that these asserted reasons constitute an "extraordinary and compelling reason" as that term is defined for purposes of 18 U.S.C. § 3582(c)(1)(A). Notwithstanding, even if this Court were to assume an extraordinary and compelling reason in this case, it does not believe granting compassionate release to Grant would comport with the factors enumerated in Section 3553(a). See 18 U.S.C. § 3582(c)(1)(A).

The facts and circumstances of Grant's offense of conviction and her history and characteristics disfavor release. Grant's criminal conviction was not for a violent offense. However, her conduct still poses a danger to the community, as financial and pecuniary crimes do endanger the public. The loss amount in this case was over two million dollars. See Record Document 43 at ¶ 52. Grant also has multiple previous convictions for fraud and theft. See id. at ¶¶ 70-72. She has other arrests – as compared to convictions – for bank fraud and theft. See id. at ¶¶ 77-79. After being released from prison, Grant's supervised release was revoked twice. See id. at ¶¶ 69-79. She has a pattern of criminal conduct based upon fraud and failure to abide by conditions of release. Such pattern shows a lack of respect for the law. It is the Court's belief that a reduced sentence in this case would not be just punishment, would not reflect the seriousness of the offense, would

not promote respect for the law, would not afford adequate deterrence to criminal conduct, and would not protect the public from further crimes of this Defendant.

## CONCLUSION

Based on the foregoing, Grant's Motions for Compassionate Release (Record Documents 72 and 126) are **DENIED**, as her release would not comport with the Section 3553(a) factors.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 18th day of April, 2023.

_____
United States District Judge